1  PHILLIP A. TALBERT
   United States Attorney
2  ROGER YANG
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

| 11 | UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00009 GEB |
|---|---|---|
| 12 | Plaintiff, | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |
| 13 | v. | |
| 14 | LARRY HAMPTON, III, | |
| 15 | Defendant. | |

16

17  WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain

18  sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this

19  matter;

20  WHEREAS, the sensitive but unclassified discovery materials at issue include information

21  pertaining to co-defendants or potential co-defendants in this case, including personal identifying

22  information and financial information, as well as various personal identifying information for others

23  involved in this matter;

24  WHEREAS, defendant LARRY HAMPTON, III, through counsel, has requested to inspect

25  computers belonging to MICHAEL HAMPTON, a co-defendant who has already plead guilty and been

26  sentenced, but who is represented by retained counsel, and who retains a privacy interest in the contents

27  of MICHAEL HAMPTON's computer;

28  WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a

Stipulation & [Proposed] Protective Order        1

1 private agreement is not appropriate in light of the nature of the information at issue and the charges in
2 this case; and

3 WHEREAS, the defendant has counsel ("Defense Counsel") who wishes to have the opportunity
4 to review the discovery;

5 Defendant LARRY HAMPTON, III, and plaintiff United States of America, by and through their
6 counsel of record, hereby agree and stipulate as follows:

7     1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of
8 Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

9     2. This Order pertains to all discovery provided to or made available to Defense Counsel in
10 this case (hereafter, collectively known as "protected discovery").

11     3. Defense Counsel shall not disclose any of the protected discovery to any person other
12 than their respective client, or attorneys, law clerks, paralegals, secretaries, experts, and investigators,
13 involved in the representation of their respective client. However, at no time shall defendant be
14 permitted to review the protected discovery outside of the presence of Defense Counsel or Defense
15 Counsel's partners, associates, or employees as designated by Defense Counsel, and Defense Counsel or
16 his/her designee shall not leave any of the protected discovery with defendant at any location.

17     4. The protected discovery and information therein may only be used in connection with the
18 litigation of this case and for no other purpose. The protected discovery is now and will forever remain
19 the property of the United States Government. Defense Counsel will return the protected discovery to
20 the Government or certify that it has been shredded at the conclusion of the case, to include any appeal,
21 and/or collateral attack.

22     5. Defense Counsel will store the protected discovery in a secure place, such as Defense
23 Counsel's private office, and will use reasonable care to ensure that it is not disclosed to third persons or
24 their respective client in violation of this agreement.

25     6. If Defense Counsel releases custody of any of the protected discovery, or authorized
26 copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients
27 with copies of this Order and advise that person that the protected discovery is the property of the United
28 States Government, that the protected discovery and information therein may only be used in connection

Stipulation & [Proposed] Protective Order     2

with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that defendant obtains substitute counsel, undersigned Defense Counsel agrees not to disclose any protected discovery to successor counsel absent a court order that a) Defense Counsel be relieved, b) successor counsel be appointed, and c) all discovery be turned over to successor counsel.

8. Defense Counsel shall be responsible for advising their client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: September 18, 2017

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By: /s/ Roger Yang
ROGER YANG
Assistant U.S. Attorney

By: /s/ Douglas Beevers
DOUGLAS BEEVERS
Counsel for Ahmad Nassar

**ORDER**

IT IS SO FOUND AND ORDERED.

DATED: September 18, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE