UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LARRY D. HAMPTON, III,<br><br>    Defendant. | No. 2:17-cr-0009-GEB<br><br>**ORDER** |

Defendant Larry D. Hampton, III ("Defendant"), moves for suppression of evidence seized under a search warrant executed at 27** W. Swain Road, Stockton, California ("the Swain property") and for a hearing under Franks v. Delaware, 438 U.S. 154 (1978). Defendant argues his motion should be granted because the affidavit of the Special Agent of the Federal Bureau of Investigation ("FBI") supporting the search warrant did not inform the magistrate that Larry D. Hampton, Sr., and his grandson, the Defendant Larry D. Hampton, III, lived at the Swain property, and that the grandfather died in October 2011 before the search warrant was executed. Further, Defendant "contends that the affidavit did not include sufficient facts to show there was probable cause to believe that [the Swain property] was likely to contain any evidence of the crime – particularly after the person who owned and lived at [the Swain property] died in October 2011." Mot. Suppress 4:5-8, ECF No. 26. The United

1

States of America ("the government") opposes the motion, arguing, inter alia, that the warrant is supported by probable cause and Defendant has not shown justification for a Franks hearing. See generally Opp'n to Mot. to Supp., ECF No. 28.

The affidavit supporting the search warrant evinces the magistrate had a substantial basis for concluding probable cause existed to search the property. See generally Aff. in Supp. of Search Warrant ("Aff.") ¶¶ 23-30, ECF No. 28-1. FBI Special Agent John W. Ogden ("the affiant") authored the affidavit supporting the search warrant. The affiant also signed a declaration on February 15, 2018 in which he declares: "During [his] surveillance and review of surveillance video, the only Larry Hampton [he] observed engaging in counterfeit goods related activity was the defendant, Larry Hampton, III." Decl. of John W. Ogden ¶¶ 2-3, ECF No. 28-2. The affiant also attached a "true and correct copy of the registration" for a vehicle involved with the investigated criminal activity, which shows the vehicle was registered to "HAMPTON LARRY DARNEL", Id. Ex. 1, who Defendant argues in his motion is his grandfather.[1] See Mot. 11. The affiant states in the affidavit, inter alia, the search resulted from a law enforcement investigation of counterfeited merchandise. See generally Aff. The affiant avers:

> On May 26, 2011, an Undercover Officer made a controlled purchase of goods . . . includ[ing] New Era Caps, Louis Vuitton handbags, Nike Shoes, Mitchell & Ness sports jerseys and Adidas sports jerseys from Michael Hampton at Hammertown Self Storage, 818 Hammertown Drive, Stockton, CA 95210 storage unit #3007 and #2123. Each of the

---
[1] The affiant did not aver that he knew this person to be Defendant's grandfather.

2

| | |
|---|---|
| 1 | items were examined by an investigator with Brand Security Corporation and determined to be counterfeit. |
| 2 | |

Aff. ¶ 5.

The affiant avers he "believe[s] that Michael Hampton and his associate [the Defendant] have been importing and selling counterfeit goods in the greater Stockton, California area. Further [he] believe[s] that counterfeit goods procured from Michael and [Defendant] have been sold in retail stores and by individuals throughout Northern California . . . ." Id. ¶ 8. The affiant further explains because of his experience and discussion with other agents regarding trademark infringement matters, he understands that often there is "evidence of the crime to be found in the vehicles used by people to transport counterfeit goods" and "people who traffic in counterfeit goods frequently store additional counterfeit products, instruments used to manufacture or otherwise procure counterfeit goods, and business records regarding the procurement and sale of counterfeit goods at their residences." Id. ¶¶ 9-10

The affiant also avers that in the course of the investigation, he reviewed: "surveillance reports and observed suspects . . . using their cellular telephones or smart phones to conduct the business . . . at Hammertown Self Storage, 818 Hammertown Drive, Stockton, CA 95210," "surveillance reports and entry/exit logs from Hammertown Self Storage that confirmed Michael Hampton and [Defendant] frequented the storage facility and met with multiple individuals at that location," and "surveillance video that showed Michael and [Defendant] routinely moving large cardboard boxes between storage units #3007 and

#2123 and a white Chevy Tahoe (CA 5ZQV045) with registered owner Larry Darnell Hampton registered owner address [at the Swain property]." Id. ¶¶ 11-12.

The affiant further avers:

> As recently as May 2, 2012, Management at Hammertown Self Storage, 818 Hammertown Drive, Stockton, CA 95210 confirmed that Michael Hampton rented storage unit numbers 3007, 2123, and 2103. On May 9, 2012, management at Hammertown Self Storage confirmed that Michael Hampton was considering renting a fourth unit, because he was running out of space in units 3007, 2123, and 2103.

Id. ¶ 13.

> On January 4, 2012, [the affiant] observed Michael Hampton drive a white Chevy Tahoe (CA 5ZQV045) from the residence at 58 . . . Pebblestone Way, Stockton, CA 95219 to [the Swain property], park in the driveway and pick up [Defendant]," and "[o]n April 16, 2012 [he] watched Michael Hampton drive a white Chevy Tahoe (CA 5ZQV045) from the residence at 58 . . . Pebblestone Way, Stockton, CA 95219 to [the Swain property] and pickup [Defendant].

Id. ¶ 23.

> On February 28, 2012 Special Agent Ryan Vazquez, Immigration Customs Enforcement (ICE) told me that between 2010 and 2011, numerous packages have been intercepted en route to Larry Hampton at [the Swain property] and seized after the contents were determined to be counterfeit. I have reviewed the seizure reports from those incidents and learned the following:
> On March 30, 2011, CBP Officer Gonzalez examined 33 Juicy Couture bags intercepted en route to Larry Hampton at [the Swain property]. The officer sent photos of the bags to the trademark holder. The trademark holder replied, confirming the items to be counterfeit, because: "[t]he style, graphics & embroidery are incorrect, incorrect hardware/accessories, [and] overall quality of the handbag is not consistent with the quality of an authentic Juicy Couture bag."

Id. ¶¶ 25-26.

4

"Probable cause is a fluid concept turning on the 'assessment of probabilities in particular factual contexts.'" United States v. Seybold, 726 F.2d 502, 504 (9th Cir. 1984) (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)). The "totality of the circumstances" approach is used to determine whether probable cause exists. See id. ("'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"). Probable cause exists justifying the issuance of the challenged search warrant.

Moreover, even assuming arguendo probable cause does not support the search warrant, the fruits of the search will not be suppressed because they are nonetheless admissible under the good faith exception explained in United States v. Leon, 468 U.S. 897, 922 n. 23, because it cannot be said that "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization."

Defendant also argues under Franks that he is entitled to a hearing at which he could challenge the facial sufficiency of the affidavit. A defendant is only entitled to a Franks hearing when the defendant presents "allegations of deliberate falsehood or of reckless disregard for the truth" and supports the allegations with a detailed offer of proof including affidavits and/or sworn statements, and (2) explains that the affidavit without the allegedly false statements is insufficient to show probable cause. Franks, 438 U.S. at 171-72; United States

v. Craighead, 539 F.3d 1073, 1080 (9th Cir. 2008) ("To justify a [Franks] hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof."). Defendant's proof is insufficient, and he therefore is not entitled to an evidentiary hearing.

For the stated reasons, the motion is denied.

Dated: February 26, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge