UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

LARRY HAMPTON,

          Defendant.

No. 2:17-cr-00009-GEB

**RULING ON OBJECTION TO PRESENTECE REPORT**

       The United States objects to "probation's . . . application of a minimal role [under USSG § 3B1.2(b)], as opposed to a minor role, adjustment [in paragraph 23 of the Presentence Report ('PSR')]." Gov't's Sentencing Mem. at 2:5-6, ECF No. 74. The United States argues:

> [A]n in-between adjustment of 3-levels is more appropriate under USSG § 3B1.2(b). The defendant knowingly facilitated the importation of counterfeit goods and was an integral part of Michael Hampton's distribution network for the counterfeit goods. Although the defendant does not appear to have re-sold or financially benefitted from the resale of the goods (other than receiving approximately $25 per day where he helped transport, store, or distribute the goods), it appears that Michael Hampton would not have been able to move as much counterfeit product without the defendant. When Customs notified Michael Hampton of the seizure of some shipments of counterfeit goods, Larry Hampton, III lent his name for shipments of goods and began buying money orders to pay suppliers. The government acknowledges that Larry Hampton, III had a lesser role in the counterfeit

1

goods scheme, but disagrees that the role was minimal, as opposed to minor or some middle ground. Therefore, the government requests that the Court apply a 3-level downward adjustment, making the total offense level 16, and the sentencing guideline range 21-27 months.

Id. at 2:7-19.

Defendant does not dispute the factual statements in the United States' objection. The objection is sustained, and the following findings augment the factual findings in paragraph 23 of the PSR concerning the adjustment for Defendant's role in the criminal offense. See USSG § 3B1.2 cmt. n.3(C) (stating in pertinent part when determining what role of offense adjustment to apply "the court should consider [a] non-exhaustive list of factors" including "the degree to which the defendant understood the scope and structure of the criminal activity," and "the nature and extent of the defendant's participation in the commission of the criminal activity."). Defendant was an integral part of Michael Hampton's distribution network for the counterfeit goods. When Customs notified Michael Hampton of the seizure of some shipments of counterfeit goods, Defendant lent his name for shipments of goods and began buying money orders to pay suppliers. Defendant helped load counterfeit goods and signed for packages, at least one and as many as four per week, from China which he recognized contained counterfeit merchandise." PSR at para 8. Defendant also signed for and received a package of counterfeit goods from Hong Kong." PSR at para 6. Defendant distributed counterfeit goods at the storage facility; Michael Hampton said during his interview with federal agents that Defendant "had been selling [counterfeit] goods for .

. . two years." PSR at Para. 9. The sentencing record evinces that Defendant understood the scope and structure of the criminal activity. Given the extent and duration of Defendant's involvement in the counterfeit criminal venture, a three-level reduction in his offense level is warranted considering Defendant's role in the criminal activity relative to that of Michael Hampton.

Therefore, Defendant's total offense level is 16, and the advisory sentencing guideline imprisonment range is 21-27 months.

The Probation Department shall be included in the service of this order, and these rulings shall be "append[ed to a] copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C).

Dated: March 22, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge